UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.

TAPHONIE PRINCE

CASE NO. 8:19-cr-142-T-17Tgw
18 U.S.C. § 1951
18 U.S.C. § 924(c)

## INDICTMENT

The Grand Jury charges:

## INTRODUCTION

At all times material to this Indictment, the Circle K, located at 2820

301 Highway South, Riverview, Florida, and the Victory Lane located at 6459

301 Highway South, Riverview, Florida, were entities that operated in and

affected interstate commerce.

## COUNT ONE

On or about November 23, 2018, in the Middle District of Florida, the

defendant,

TAPHONIE PRINCE,

did knowingly, in any way and degree, obstruct, delay, and affect commerce

as that term is defined in 18 U.S.C. § 1951(b)(3), and the movement of any

article and commodity in such commerce, by robbery, as that term is defined

in 18 U.S.C. § 1951(b)(1), that is, by knowingly and unlawfully taking and

obtaining personal property consisting of United States currency, from the

person and in the presence of another, that is, an employee of Circle K,

against the employee's will, by means of actual and threatened force, violence,

and fear of injury, immediate and future, to the employee's person.

In violation of 18 U.S.C. § 1951(a) and (b).

## COUNT TWO

On or about November 23, 2018, in the Middle District of Florida, the

defendant,

### TAPHONIE PRINCE,

did knowingly use, carry, and brandish a firearm during and in relation to, and

did knowingly possess a firearm in furtherance of, a robbery in violation of 18

U.S.C. § 1951, as set forth in Count One, for which the defendant may be

prosecuted in a Court of the United States.

In violation of 18 U.S.C. § 924(c)(1)(A)(ii).

## COUNT THREE

On or about December 12, 2018, in the Middle District of Florida, the

defendant,

### TAPHONIE PRINCE,

did knowingly, in any way and degree, obstruct, delay, and affect commerce

as that term is defined in 18 U.S.C. § 1951(b)(3), and the movement of any

article and commodity in such commerce, by robbery, as that term is defined

in 18 U.S.C. § 1951(b)(1), that is, by knowingly and unlawfully taking and

obtaining personal property consisting of United States currency, from the

person and in the presence of another, that is, an employee of the Victory

Lane, against the employee's will, by means of actual and threatened force,

violence, and fear of injury, immediate and future, to the employee's person.

In violation of 18 U.S.C. § 1951(a) and (b).

## COUNT FOUR

On or about December 12, 2018, in the Middle District of Florida, the

defendant,

TAPHONIE PRINCE,

did knowingly use, carry, and brandish a firearm during and in relation to, and

did knowingly possess a firearm in furtherance of, a robbery in violation of 18

U.S.C. § 1951, as set forth in Count Three, for which the defendant may be

prosecuted in a Court of the United States.

In violation of 18 U.S.C. § 924(c)(1)(A)(ii).

## FORFEITURE

1.      The allegations contained in Counts One through Four are

incorporated by reference for the purpose of alleging forfeiture, pursuant to

provisions of 18 U.S.C. §§ 924(d), 981(a)(1)(C) and 28 U.S.C. § 2461(c).

2.     Upon conviction for a violation of 18 U.S.C. § 1951, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense, and pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), all firearms and ammunition involved in or used in the violation.

4.     If any of the property described above, as a result of any act or omission of the defendant:

    a.     cannot be located upon the exercise of due diligence;

    b.     has been transferred or sold to, or deposited with, a third person;

    c.     has been placed beyond the jurisdiction of the Court;

    d.     has been substantially diminished in value; or

    e.     has been commingled with other property which cannot be subdivided without difficulty;

the United States shall be entitled to forfeiture of substitute property under the

provisions of 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

A TRUE BILL,

Foreperson

MARIA CHAPA LOPEZ
United States Attorney

By: _____
Gregory T. Nolan
Assistant United States Attorney

By: _____
Christopher F. Murray
Assistant United States Attorney
Chief, Violent Crimes and Narcotics Section

## UNITED STATES DISTRICT COURT
### Middle District of Florida
### Tampa Division

THE UNITED STATES OF AMERICA

vs.

TAPHONIE PRINCE

## INDICTMENT

Violations:   18 U.S.C. § 1951
18 U.S.C. § 924(c)

A true bill,

_____
Foreperson

Filed in open court this 2nd day

of April 2019.

_____   Clerk

Bail $_____

GPO 863 525